UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LUCAS K. WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:22-cv-00061-HAB |
| ) | |
| CITY OF FORT WAYNE and ) | |
| BOYCE J. BALLINGER, ) | |
| ) | |
| Defendants. ) | |

## **OPINION AND ORDER**

On November 20, 2024, Defendants filed a Notice of Appeal (ECF No. 119) from the jury verdict and final judgment entered in this action on July 25, 2024 (ECF No. 87), and the Court's Opinion and Order dated October 23, 2024 (ECF No. 112). In this Court's Opinion and Order (ECF No. 112), the Court granted Defendant's Motion for a New Trial and/or to Amend Judgment (ECF No. 93) and gave Plaintiff until October 29, 2024, to accept a reduction of the damages award from $80,000 to $60,000.[1] Plaintiff accepted remittitur on October 28, 2024. (ECF No. 113).

On November 22, 2024, the Seventh Circuit Court of Appeals entered an Order directing the parties to file a statement advising the Court whether either party will request in the district court that an amended judgment be set out in a separate document. *Williams v. City of Fort Wayne*, No. 24-3122 (7th Cir.). On December 5, 2024, Plaintiff filed a statement with the Seventh Circuit

---

[1] In this Court's Opinion and Order (ECF No. 112), it found that the jury's awards for false arrest under state and federal law were duplicative and constituted double recovery. *See Duran v. Town of Cicero*, 653 F.3d 632, 642 (7th Cir. 2011) ("A judgment that can be read to allow a plaintiff to recover twice for the same injury contains a manifest error of law."). Where "a federal claim and a state claim arise from the same operative facts, and seek identical relief, an award of damages under both theories will constitute double recovery." *Medina v. District of Columbia*, 643 F.3d 323, 326 (D.C. Cir. 2011). Plaintiff's Indiana law and the federal law claims for false arrest arose under the same set of facts and sought to redress the same injuries.

that he is requesting a separate document setting out the amended judgment with this Court. *Id.* Plaintiff filed his request with this Court the same day. (ECF No. 122).

Under Federal Rule of Civil Procedure 58, this Court must issue an amended judgment in a separate document if—as here—a motion to alter or amend is granted. *See Emps. Ins. of Wausau v. Titan Int'l, Inc.*, 400 F.3d 486, 489 (7th Cir. 2005) (separate document required if motion to alter or amend judgment is granted). The Court thus DIRECTS the clerk to enter an amended judgment consistent with the Court's Opinion and Order (ECF No. 112) and Plaintiff's acceptance of the remitted amount (ECF No. 113). The amended judgment will relate back to the original judgment (ECF No. 87) entered on July 25, 2024, and the post-judgment interest rate will remain the same as the original judgment.

SO ORDERED on December 23, 2024.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT
